Lucille MOORE, Plaintiff,

v.

INTERSTATE FIRE INSURANCE COMPANY, Gulf Life Insurance Company and Paul Mooney, Defendants.

Civ. A. No. J89–0020(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 9, 1989.

Willie Griffin, Bailey & Griffin, Greenville, Miss., for plaintiff.

Steven H. Begley, Wells, Wells, Marble & Hurst, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Presently before the court is defendant Paul Mooney's motion to dismiss for failure to state a claim as well as motions by plaintiff Lucille Moore to remand, to dismiss without prejudice and to strike, or in the alternative, dismiss the motion filed by Mooney. Each of these motions, while separately filed, relates to the same basic issue, that being whether this action was properly removed from state court and whether it may or should remain in this court. These matters have been fully briefed by the parties and the court has considered the memoranda of authorities submitted.

Moore, a Mississippi resident, initiated this action in the Circuit Court of Holmes County, Mississippi on December 13, 1988. Defendants Interstate Fire Insurance Company and Gulf Life Insurance Company, corporations organized and existing under the laws of Florida, timely removed the case charging that plaintiff had fraudulently and improperly joined as a defendant Paul Mooney, a resident of Mississippi, for the purpose of defeating diversity jurisdiction. Upon removal, Mooney moved for dismissal alleging that plaintiff had stated

no claim against him upon which relief could be had. In response, plaintiff moved to strike Mooney's motion on the basis that he lacked standing to file such a motion, or any motion, before this court. Plaintiff alternatively sought dismissal of the motion to dismiss on the ground that the court lacks jurisdiction—subject matter and personal—over Mooney such that it may not consider any pleading filed by him. Additionally, plaintiff moved to remand the entire cause to state court and moved separately to dismiss the entire action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure so that she might refile in state court and in essence start over by attempting in state court to state a claim against Mooney.

In her motion to strike, or in the alternative, dismiss Mooney's motion to dismiss, plaintiff claims that this court lacks jurisdiction over Mooney to grant the relief he requests, i.e., dismissal, because he did not join with the remaining defendants in the petition for removal. In a related vein, she urges that since Mooney is a resident of Mississippi and is not of diverse citizenship from plaintiff, he cannot be a party to this action since the court has no jurisdiction over him and accordingly, the court cannot take cognizance of any motion filed by him. These arguments are not well taken. When a case is removed from state to federal court, the entire civil action, including all of the parties and their claims, is transferred to federal court and the state court is prohibited from further proceeding, unless and until the case is remanded. 28 U.S.C. § 1446(e); see also Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875 (1st Cir.1983); Lowe v. Jacobs, 243 F.2d 432 (5th Cir.), cert. denied, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957). And, once the case is properly removed, the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court. Moreover, while generally the unanimous consent of all defendants is a precondition to removal, Smith v. City of Picayune, 795 F.2d 482, 485 (5th Cir.1986), it is not necessary that a fraudulently or improperly joined defendant join with the other defen-

dants in a petition for removal. See also Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (all properly served defendants must join in petition for removal except for nominal, unknown or fraudulently joined parties); Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588, 590–91 (S.D.Fla.1983) (failure of all state defendants to join in petition for removal compels remand except that nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded in determining compliance with removal statute). In such cases, the failure of the resident defendant to join with the nonresident defendants in petitioning for removal does not have the effect of leaving the plaintiff's claim against the nonresident defendant in state court as plaintiff seems to suggest. Polyplastics, 713 F.2d at 877. Finally, where a case has been removed from state court, the federal court clearly has jurisdiction to determine whether the removal was proper; that is, the court has jurisdiction to determine whether the resident defendant was indeed improperly or fraudulently joined which necessarily involves consideration of whether the plaintiff's allegations against that defendant are legally viable. Accordingly, this court has jurisdiction to consider Mooney's motion to dismiss and therefore, plaintiff's motion to strike, or alternatively, dismiss that motion should be denied.

In response to Mooney's motion to dismiss for failure to state a claim against him, plaintiff represented that she had "no objections to Paul Mooney being dismissed from this action," as she "intend[ed] to pursue a claim against Paul Mooney in the Circuit Court of Holmes County, Mississippi." Shortly thereafter, however, plaintiff moved to remand the entire action to state court claiming that she had alleged a cause of action against Mooney and that this case was therefore improperly removed. Apparently, therefore, plaintiff does oppose Mooney's motion to dismiss for failure to state a claim. The court therefore proceeds to consider the motion to dismiss by Mooney and plaintiff's motion to remand. Plaintiff alleged in her complaint that Moo-

ney, while employed by Gulf Life Insurance Company and acting as the agent for Interstate Fire Insurance Company, approached her in January 1986 and offered to sell her a policy of fire insurance to cover her home and contents; she agreed to accept the offer, and Mooney accepted her application for insurance together with advance premium payments. The complaint further alleges that subsequently defendant Interstate Fire Insurance Company issued policy number 860–708–932 which provided dwelling coverage in the amount of $15,000 and contents coverage in the amount of $7500. Mooney continued to collect monthly premium payments from plaintiff; on October 3, 1986, he obtained a premium from her for insurance coverage on her home for the period of October 15, 1986 through November 14, 1986. On November 23, 1986, plaintiff's house and contents were destroyed by fire.

Plaintiff averred that at the time of the destruction of the home and contents, the policy issued by Interstate Fire was in full force and effect. She promptly notified defendants of the fire and, according to the complaint, "defendants immediately denied coverage on the ground that plaintiff's policy had lapsed for failure to pay a premium for October, 1986." She contends that had defendants investigated her claim of coverage, they would have discovered that she had made premium payments through November 14, 1986 and that the policy issued to her had a thirty-one day grace period, thereby granting her until December 15, 1986 before the policy was to lapse for nonpayment of premiums. Plaintiff therefore charged that "defendants breached its [sic] implied covenant of good faith and fair dealing under the policy by failing and refusing to pay the benefits under the terms of said policy without a legitimate or arguable reason therefor, or investigating to determine whether plaintiff's policy was in full force and effect at the time of plaintiff's losses," and that "defendants have further interfered with the vested property right plaintiff has in said benefits and continue to interfere with plaintiff's property rights in said benefits." She asserted an entitlement to recover policy proceeds representing her loss and three million dollars in punitive damages and mental and emotional distress damages.

The allegations of Moore's complaint place her claim squarely within the rule that an agent for a disclosed principal cannot be liable for a breach of duty or contract by his disclosed principal to which he is not a party. *Alcom Electronic Exchange, Inc. v. Burgess,* 849 F.2d 964 (5th Cir.1988); *Columbus v. Reliance Insurance Company,* 626 F.Supp. 1147 (S.D. Miss.1986); *Griffin v. Ware,* 457 So.2d 936 (Miss.1984). The complaint, in fact, alleges that "defendant, Paul Mooney, at all times ... was acting within the course and scope of his employment with defendant Gulf Life Insurance Company and as agent for Interstate Fire Insurance Company." The court is of course cognizant that the above stated rule has no application in the case of an independent tort committed by the agent. Here, however, the allegations of plaintiff's complaint relate solely to an alleged breach of the fire insurance policy issued by Interstate Fire and the alleged bad faith refusal to pay benefits under that policy. The complaint reveals no allegation of a separate and independent tort by Mooney.

In response to the motion to dismiss, plaintiff asserts that she has in fact stated such a separate tort against Mooney, that being the tort of unlawful interference with her vested contract or property rights, and in support of this claim states that Mooney received premium payments from her yet failed to remit them to Interstate Fire and thereby fraudulently converted those premium payments. He further, according to plaintiff, induced Interstate Fire to deny coverage and refuse payment of her claim in an effort to protect himself from his fraudulent conversion. Whether a case has been properly removed is determined by reference to the allegations contained in a plaintiff's state court complaint as they existed at the time the petition for removal was filed. *Keating v. Shell Chemical Co.,* 610 F.2d 328, 331·(5th Cir.1980); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir.1979). Since the scenario

now advanced by plaintiff appears nowhere in the complaint, it cannot properly be considered in determining whether a claim has been stated against Mooney. And, viewing the complaint as a whole, it is apparent that plaintiff's allegations relate solely to breach of contract and implied contractual duties and not to any independent tort by Mooney. Accordingly, she has in her complaint failed to state a claim against Mooney for which she may have relief under Mississippi law. Therefore, Mooney's motion to dismiss for failure to state a claim should be granted and plaintiff's motion to remand denied.

Apparently anticipating at least the possibility of an adverse ruling on her motion for remand, plaintiff has moved to dismiss the entire action against all defendants without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, stating that the court should dismiss this cause to "enable plaintiff to refile in Holmes County, Mississippi based upon the true and exact nature and extent of defendant Paul Mooney's tortious liability herein." Rule 41(a)(2) provides, in pertinent part, as follows:

> An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

A dismissal under Rule 41(a)(2) is within the sound discretion of the court which should give primary consideration to whether the dismissal would prejudice the defendants. *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 161 (1971). In *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir.1976), the court explained that

> the basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows plaintiff to withdraw his action from the court without prejudice to future litigation.... When

considering a dismissal without prejudice, the court should keep in mind the interest of the defendant, for it is his position which should be protected.... Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm.

*LeCompte,* 528 F.2d at 604. Thus, the purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Wright & Miller, supra,* at 165 (quoting *Alamance Indus, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir.), *cert. denied,* 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961)). The prejudice to the defendant must be more than "the mere prospect of a second lawsuit," *LeCompte,* 528 F.2d at 604, and it is not sufficient prejudice to the defendant simply that plaintiff may obtain some tactical advantage by dismissal, *id.; Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974). Neither will mere litigation cost in and of itself amount to legal prejudice. *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126, 129–31 (5th Cir.1978).

Dismissal without prejudice has been allowed in a removed action so that plaintiff might start anew in state court, though in this situation some courts have taken a more restrictive view and refused to allow dismissal. *Wright and Miller, supra,* at 168; 27 *Fed.Prac., L.Ed.* § 62.498 (1984) (voluntary dismissal has been allowed to defeat defendant's removal of action since defendant has no right to given mode of procedure). None of the cases cited by these authorities or found by this court have involved the propriety of granting a motion for Rule 41(a)(2) dismissal following a removal from state court for the reason of fraudulent joinder of a resident defendant. Rather, in most of the cases considering the availability of dismissal of a removed action, the issue has concerned whether plaintiff may secure dismissal in order to join in the action a nondiverse defendant. *See, e.g., O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639 (W.D. Mo.1989) (granting plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) where plaintiffs, rather than attempting to amend

federal court complaint to include nondiverse party, sought to dismiss without prejudice in order to refile in state court against both resident and nonresident defendants); *Sox v. Estes Express Lines*, 92 F.R.D. 71 (D.S.C.1981) (mere fact that plaintiff intended to renew action in state court not sufficient reason to deny dismissal where nondiverse party which plaintiff wished to join was legitimate party); *Stevenson v. Missouri Pac. R.R. Co.*, 53 F.R.D. 184, 185–86 (E.D.Ark.1971) (allowing dismissal without prejudice on conditions in removed diversity case even though plaintiff might refile in state court and join resident defendant so as to defeat diversity and prevent second removal); *W.D. Culverhouse v. Biehl & Co.*, 24 F.R.D. 198, 199 (S.D.Tex.1959) (that plaintiff might possibly preclude subsequent removal by joining resident defendant in state court action would not prejudice any substantial right of defendants); *cf. Ingersoll v. Pearl Assurance Co.*, 153 F.Supp. 558, 560 (N.D.Cal.1957) (permitting plaintiff to amend complaint to state cause of action against resident defendant who had been mere nominal party and then remanding case).

Unlike the cited cases, plaintiff in this case began in state court with both resident and nonresidents named as defendants. The basis for removal which the court has found meritorious was plaintiff's improper joinder of Mooney as a defendant. It is well-established in this circuit that the propriety of removal where fraudulent joinder is alleged is determined by reference to the pleading filed by the plaintiff in state court, and not on the basis of any amended pleadings which plaintiff might attempt to file in the federal forum. Thus, here, plaintiff would not be permitted to amend her complaint in an effort to state a claim against Mooney as a device for securing remand. Clearly, her effort toward dismissal of the entire action is an attempt to effect that result and should not be permitted. This is not a situation in which the plaintiff has expressed a desire to name an additional defendant whose joinder would destroy diversity but rather a case in which she has already attempted to state a claim against the resident defendant but

has failed to do so. In the court's view, what defendants would face in this situation if dismissal were granted would not be merely the possibility of a second lawsuit but the certainty of a second lawsuit in state court in which plaintiff would attempt to do what she did not do upon her commencement of the action, that is, state a claim against the resident defendant. Contrary to their assertion, the non-resident defendants have no "right" to a federal forum. *See W.D. Culverhouse*, 24 F.R.D. at 199. By the same token, however, neither does plaintiff have the right to drag these defendants back into state court in an effort to state and support a claim against the resident defendant under these circumstances. In sum, the court views the propriety of granting a voluntary dismissal under Rule 41(a)(2) as very restrictive under circumstances in which removal has been effected on the basis of fraudulent joinder and in this particular case, such dismissal will not be permitted.

In accordance with the foregoing, it is ordered that defendant Mooney's motion to dismiss is granted and plaintiff's motions to remand, to voluntarily dismiss and to strike, or in the alternative, dismiss Money's motion are denied.

ORDERED.