Annie E. ERKINS, et al., Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, et al., Defendants.

No. CV–94–N–2500–S.

United States District Court, N.D. Alabama, Southern Division.

Nov. 7, 1994.

Lanny S. Vines and Robert W. Shores, Emond & Vines, Birmingham, AL, for plaintiffs.

---

John R. Chiles, Jack E. Held, Sirote and Permutt P.C.; Michael Lester Bell, S. Douglas Williams, Jr., Warren B. Lightfoot, John P. Dulin, Lightfoot Franklin White & Lucas, Birmingham, AL, James E. Robertson, Jr., Armbrecht Jackson Demouy Crowe Holmes & Reeves, Mobile, AL, Thomas H. Brown, James A. Harris, Jr., Harris & Brown P.C.; Edward P. Meyerson, Marvin L. Stewart, Jr., Rachel Jackson Moore, Najjar Denaburg P.C.; W. Percy Badham, III, John N. Bolus, Sarah E. Yates, Maynard Cooper & Gale; T. Thomas Cottingham, III, Michael L. Lucas, Robert H. Rutherford, Rik S. Tozzi, Burr & Forman; William A. Robinson, R. Carlton Smyly, Cecil H. Macoy, Jr., Cabaniss Johnston Gardner Dumas & O'Neal, Birmingham, AL, Mary Grace Diehl, Troutman Sanders Lockerman & Ashmore, Atlanta, GA, Frank M. Bainbridge, Jr., Bainbridge Mims & Rogers; Joseph B. Mays, Jr., Andrew J. Noble, III, Bradley Arant Rose & White; M. Keith Gann, Nancy S. Akel, Huie Fernambucq & Stewart; James C. Huckaby, Jr., R. Scott Williams, Carter Hurd Dukes, Haskell Slaughter Young & Johnston; and John W. Clark, Jr., Clark & Scott, Birmingham, AL, for defendants.

## ORDER

EDWIN L. NELSON, District Judge.

The court has for consideration the plaintiffs' motion to "Vacate Stay of State–Court Proceedings as to Non-removed Defendants" which was filed on October 24, 1994. The proceedings which bring us to this matter may be briefly summarized. The plaintiffs, alleging various state-law claims based upon one or more of Alabama's multitudinous varieties of fraud and the so-called "Mini Code," *Ala.Code*, §§ 5–19–1, *et seq.*, brought this action in the Circuit Court of Jefferson County, Alabama in May of 1994. Generally, the plaintiffs, all purchasers of retail services or consumer goods, alleged that the defendants, retail establishments, financial institutions and insurance companies, conspired to defraud them by selling them unneeded or excessive non-filing and property damages insurance and by concealing the true facts from them. After nine amendments to the original complaint, several of the diverse defendants removed the action to this court on October 12, 1994, pursuant to 28 U.S.C. § 1441(b), diversity of citizenship and amount in controversy.[1] Upon removal, the court immediately stayed all proceedings pending a status conference on October 21, 1994. Following that conference, the court entered an order further staying all proceedings pending a decision on the plaintiffs' anticipated motion to remand.

The plaintiffs, while recognizing that the order to stay further proceedings applied to the action *"in this court,"* also assert that "a fair interpretation of the Court's oral and written orders reveals that the Court purports to stay any and all further proceedings in the Circuit Court of Jefferson County, Alabama, in CV–94–03629 as to the defendants and claims that were *not* removed to this Court." The court has, in addition to the plaintiffs' motion, received a letter brief from counsel for defendants Associates Corporation of North America, Associates Financial Services Co. of Alabama, Inc., Associates Financial Services Company, Inc., and Associates Insurance Company, as well as a reply from the plaintiffs. Resolution of the issues raised in plaintiffs' motion will not be aided by additional briefing or oral argument. The motion will be denied.

The plaintiffs argue that this court's stay violates the Anti–Injunction Act, 28 U.S.C. § 2283, which prohibits a federal

---

1. The removing defendants assert that because the plaintiffs originally alleged a "horizonal" conspiracy between all the defendants, the action did not become removable until the ninth amendment which, according to the removing defendants, clarified the claims to assert a series of "vertical" conspiracies. They describe a "horizonal" conspiracy as one involving all the defendants with their only apparent connection being the alleged agreement to defraud the plaintiffs. A "vertical" conspiracy, in this context, is described as a conspiracy involving one or more retailers, their related financing institutions, and the insurance companies which insured their transactions, there being no connection between the various groups of plaintiffs and no connection between the groups of defendants. The question of whether the action was timely removed is not before the court on this motion but will be considered on the plaintiffs' motion to remand, now set for submission on December 2, 1994.

court from staying proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The plaintiffs' motion is founded upon a fundamental misunderstanding of the nature of federal removal jurisdiction, i.e., that some but not all of the state case was removed to this court and that some portion remains within the jurisdiction of the state court. "When a removal petition is filed and proper notice is given, the *entire case* is transferred to the federal district court." *Maseda v. Honda Motor Company, Ltd.,* 861 F.2d 1248, 1251 (11th Cir.1988). That is true even where not all of the defendants join in the notice of removal. *Moore v. Interstate Fire Insurance Company,* 717 F.Supp. 1193 (S.D.Miss.1989).

> When a case is removed from state court to federal court, the entire civil action, including all of the parties and their claims, is transferred to federal court and the state court is prohibited from further proceeding, unless and until the case is remanded it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal.... In such cases, the failure of the resident defendant to join with the nonresident defendants in petitioning for removal does not have the effect of leaving the plaintiff's claim against the nonresident defendant [sic; resident defendant] in state court as plaintiff seems to suggest.

717 F.Supp. at 1195 (citations omitted). The district court in *Moore* held that it had jurisdiction to rule on a motion to dismiss filed by a non-diverse defendant, and in fact granted that motion. *Id.* Accord, *Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 (1st Cir.1983) ("A party fraudulently joined to defeat removal need not join in removal petition.... [but] [r]emoval ... extends to the 'case' or 'action'—i.e., to the *whole* case and *all parties* and claims").

■ Where the former state court action is now before the federal district court, the Anti–Injunction Act, 28 U.S.C. § 2283, has no application. Rather, the jurisdiction of the state court is immediately interrupted, and perhaps terminated, as a matter of law, once the removal to federal court has been effected. The removal statute, 28 U.S.C. § 1446(d), provides, that upon removal "the State court shall proceed no further unless and until the case is remanded." Thus, this court has not stayed proceedings in state court. That was effectively accomplished by operation of law once the case was removed. Moreover, should the parties or the state court attempt to proceed further in that court while the plaintiffs' motion to remand is pending in this court, there is no question whatsoever that this court would be empowered and authorized to enjoin those efforts. As noted, the Anti–Injunction Act expressly permits a federal court to stay proceedings in state court "where necessary in aid of its jurisdiction."

In *Maseda v. Honda Motor Company, Ltd.,* 861 F.2d 1248 (11th Cir.1988), the Eleventh Circuit held:

> ... after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.... [A]ny subsequent proceedings in state court on the case are void *ab initio* .... Several court decisions also have recognized the power of federal courts to enjoin state courts from proceeding in a removed case.... Therefore, the Anti–Injunction Act did not prohibit the district court from enjoining the state court from enforcing its judgment.

861 F.2d at 1254–1255 (citations omitted). In so holding, the Eleventh Circuit noted that:

> ... in 1949, Congress amended the anti-injunction statute by adding the phrase "in aid of its jurisdiction." The purpose of the amendment was "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts."

861 F.2d at 1254 (citations omitted).

In their reply brief, the plaintiffs apparently abandon their Anti–Injunction Act position and argue that the action was improperly removed because not all defendants joined in the removal notice and that the action should, for that reason, be summarily re-

manded. With respect, the question of whether the removal was proper will be addressed when the court considers the motion to remand. That motion will be addressed in due course and after sufficient briefing. In any event, the fact that all defendants may not have joined in the removal does not diminish the firmly established rule that jurisdiction of the state court is terminated, at least temporarily, once the action is removed. The Eleventh Circuit in *Maseda* also held that "[u]nder the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, *even in a case improperly removed.*" 861 F.2d at 1254, n. 11 (emphasis added). Also see, *Moore*, 717 F.Supp. 1193 (The failure of one defendant to join the removal does not deprive the district court of jurisdiction to rule on a motion to dismiss filed by the non-removing defendant.)

In conformity with the foregoing, the motion to vacate the stay is **DENIED.**