# 2001 DTA 143

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS-HUMACAO-GUAYAMA**

PONCE ROOFING, REPRESENTADO POR SU PRESIDENTE IVAN SERRANO TORRES
Demandante-Apelante

v.

ROUMEL CORPORATION, REPRESENTADO POR SU
PRESIDENTE CONSTANTINI ROUMEL
Demandado-Apelado

Núm. KLAN-01-00173

San Juan, Puerto Rico, a 9 de abril de 2001

Panel integrado por su Presidente, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Rodríguez García, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Por medio de la presentación de un escrito de apelación, comparece ante este Tribunal, Ponce Roofing, Inc. Esta nos solicita que revisemos la corrección de una sentencia dictada el día 9 de enero de 2001 por el Tribunal de

Primera Instancia, Sala Superior de Humacao.

Mediante el referido dictamen, el foro judicial de instancia ordenó el archivo y cierre de una acción de cobro de dinero instada por la apelante Ponce Roofing Inc. contra Roumel Corporation por haberse presentado un aviso de traslado ("*Notice of Removal*") ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico.

Examinado el recurso, desestimamos el mismo por falta de jurisdicción.

## I. Trasfondo Fáctico y Procesal

El día 29 de noviembre de 2000, Ponce Roofing, Inc. ("*Ponce Roofing*") presentó una demanda sobre cobro de dinero a Roumel Corporation ("*Roumel*"). La acción judicial estuvo predicada en el alegado incumplimiento de Roumel de satisfacer ciertas sumas de dinero adeudadas a Ponce Roofing por motivo de obras realizadas por esta última en el complejo residencial Palmas del Mar en Humacao, sub-contratada por la demandada. (Apéndice de la Apelación, págs. 7-9.)

Luego, el día 27 de diciembre de 2000, Roumel presentó un aviso de traslado ("*Notice of Removal*") ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico, bajo el argumento de que dicho foro judicial tenía jurisdicción para atender el caso fundado en la existencia de diversidad de ciudadanía. (Apéndice Alegato Apelada, págs. 3-4.) En esa misma fecha, Roumel notificó de dicho trámite al Tribunal de Primera Instancia, Sala Superior de Humacao, y a la representación legal de la demandante Ponce Roofing. (Apéndice de la Apelación, págs. 3-4; Apéndice Alegato Apelada, págs. 3-11).

Así las cosas, el día 9 de enero de 2001, el tribunal de instancia dictó una sentencia por medio dè la cual declaró con lugar la notificación en la que se le informó a dicho foro la presentación de un aviso de traslado ante el foro federal. Como parte de dicho dictamen, el tribunal de instancia ordenó el archivo y cierre del caso ante su consideración. (Apéndice de la Apelación, pág. 1.) El archivo en autos de copia de la notificación de la referida sentencia se efectuó el día 23 de enero de 2001. (Apéndice de la Apelación, pág. 2.)

Luego, mediante un escrito fechado en 26 de enero de 2001, Ponce Roofing presentó ante el foro judicial de instancia una moción de reconsideración. (Apéndice de la Apelación, págs. 5-6.) El referido tribunal no se expresó con respecto a la moción instada por la demandante por lo que, inconforme con lo resuelto previamente, dicha entidad corporativa optó por presentar ante esta Curia la apelación que hoy nos ocupa.

Como ya hemos adelantado, carecemos de jurisdicción para atender el recurso presentado, por lo que procede su desestimación.

## II. Derecho Aplicable

Sabido es que los tribunales tienen el ineludible deber de auscultar su propia jurisdicción, *Vázquez v. A.R.P. E.*, 128 D.P.R. 513 (1991), careciendo de discreción para asumirla donde no la hay. *Martínez v. Junta de Planificación*, 109 D.P.R. 839 (1980); *Maldonado v. Pichardo*, 104 D.P.R. 778 (1976). La ausencia de jurisdicción sobre la materia trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela al tribunal como tampoco éste puede arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone al tribunal el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede ser levantada en cualquier etapa del procedimiento, a instancia de las partes o *motu proprio* por el Tribunal, *Vázquez v. A.R.P.E., supra.*

Por otro lado, el derecho a trasladar un caso de un tribunal estatal a uno federal surge de la sección 1441 del Código de los Estados Unidos, 28 U.S.C. sec. 1441, que en lo pertinente establece:

*"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district court of the United State have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*

*...".*

En torno al efecto de presentar un aviso de traslado ("*Notice of Removal*") con respecto a una acción judicial tramitada originalmente en un tribunal estatal, la sección 1446, inciso (d) del Código de los Estados Unidos, 28 U. S.C. sec. 1446, establece:

*"...*

*(d) Promptly after the filing of such notice of removal of a civil action, the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State Court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*

*...".*

El traslado a un tribunal federal de un caso pendiente ante un tribunal estatal, es efectivo cuando todos los requisitos exigidos por la citada disposición legal se cumplen. Es decir, la jurisdicción del tribunal estatal cesa cuando se ha presentado el aviso de traslado al tribunal federal, se ha notificado dicha circunstancia al tribunal estatal y se ha dado notificación a todas las partes involucradas en el caso y desde ese momento en adelante pasa al tribunal federal. *Hyde Park Partners L.P. v. Connolly*, 839 F. 2d 837 (1er Cir. 1988). Una vez se presenta un aviso de traslado, la citada disposición legal toma vigencia sin necesidad de ulterior acción por parte del tribunal de distrito federal y, automáticamente, los procedimientos ante el tribunal estatal quedan paralizados. *Polyplastics, Inc. v. Transconex, Inc.*, 713 f. 2d 875 (1983). Las actuaciones del Tribunal de Primera Instancia posteriores a la presentación de un aviso de traslado, son nulas *ab initio* y, por lo tanto, no tienen validez alguna. *York State Nat. Organization for Women v. Terry*, 697 F. Supp. 1324 (1988); *Polyplastics, Inc. v. Transconex, supra*.

Cuando se procura el traslado de un caso de un tribunal estatal a uno de naturaleza federal, el primero no puede continuar con los procedimientos en el mismo a menos que el caso le sea devuelto por el segundo. En tales circunstancias, el foro federal adquiere jurisdicción completa y exclusiva sobre el caso, de la misma forma que si el plieto se hubiera tramitado originalmente en dicho foro judicial. *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193 (1989).

En el caso ante nuestra consideración, el día 27 de diciembre de 2000, el demandado Roumel presentó un aviso de traslado ("*Notice of Removal*") ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico y notificó de su gestión, tanto a la parte demandante Ponce Roofing como al Tribunal de Primera Instancia, Sala Superior de Humacao.

Automáticamente, desde ese mismo día, el Tribunal de Primera Instancia, Sala Superior de Humacao, perdió la jurisdicción sobre el caso que tenía ante sí y, con ella, la facultad en ley para tomar cualquier determinación con respecto al pleito, que no fuera darse por enterado del traslado y dejar en suspenso los procedimientos.

En vista de lo anterior, la pretendida sentencia emitida por el foro judicial de instancia, en la que se dispuso el archivo y cierre del caso ante su consideración, constituyó un acto nulo e ineficaz realizado sin tener jurisdicción para ello. Tal como ahora, al momento de dictarse dicha sentencia, la jurisdicción sobre el pleito radicaba en el Tribunal de los Estados Unidos para el Distrito de Puerto Rico y no en el Tribunal de Primera Instancia.

Asimismo, presentado con respecto al presente caso un aviso de traslado en el foro judicial federal, al igual

que ocurre con el Tribunal de Primera Instancia, este tribunal carece de jurisdicción para adjudicar o modificar en sus méritos cualquier dictamen que se origine como resultado de la tramitación de dicho pleito. No obstante, asumimos jurisdicción al sólo efecto de revisar la corrección del dictamen del Tribunal de Primera Instancia desestimando la acción instada por Ponce Roofing.

A esos efectos únicamente, emitimos sentencia revocando la dictada por el Tribunal de Primera Instancia, Sala de Humacao, y decretamos simplemente la paralización de los procedimientos en el caso. Para todos los efectos, y hasta que otra cosa se disponga, la jurisdicción sobre el caso reside en el Tribunal de los Estados Unidos para el Distrito de Puerto Rico, por lo que el presente caso se puede archivar para fines estadísticos.

Notifíquese.

Lo acordó y ordena el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General