Eileen WHITE, Kevin Chatman, Henry Johnson, Pearl Johnson, and Rease Porter Plaintiffs

v.

CITY FINANCE COMPANY, Washington Mutual Finance Group, LLC, American Bankers Insurance Group of Florida, American Bankers Life Assurance Company of Florida, Union Security Life Insurance Company, American Security Insurance Company, C.J. Lafferty, Lisa Walker, Jimmie C. Cooper, Tiny Turner, Angela Tice and John Does 1–10. Defendants

No. 4:02CV495LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

May 22, 2003.

Charles E. Gibson, III, Jarrett P. Nichols, Mary Jeanne Gibson, The Gibson Law Firm, Jackson, MS, for Plaintiffs.

Jess Hays Dickinson, Dickinson, Ros, Samson & Nelms, PLLC, Gulfport, MS, Katherine M. Samson, Johnny L. Nelms, Watkins, Ludlam, Winter & Stennis, P.A.,

Gulfport, MS, Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motions of plaintiffs Eileen White, Kevin Chatman, Henry Johnson, Pearl Johnson and Rease Porter to remand this cause to state court pursuant to 28 U.S.C. § 1447, for leave to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, and to dismiss defendants' counterclaim. Following a period of remand-related discovery, Washington Mutual Finance Group [1] (Washington Mutual), along with American Bankers Insurance Group of Florida (ABIC), American Bankers Life Assurance Company of Florida (ABLAC), Union Security Life Insurance Company (USLIC) and American Security Insurance Company (ASIC) (insurer defendants), have responded in opposition to the motions. The court, after carefully considering the memoranda and submissions of the parties, as well as other pertinent authorities, finds plaintiffs' motions are not well taken and should be denied.

The five Mississippi plaintiffs in this action have sued the diverse corporate defendants and five non-diverse previous employees of City Finance Company (now known as Washington Mutual Finance Group), alleging misconduct by the defendants with regards to certain loan transactions entered into between the respective plaintiffs and what is now Washington Mutual. In their complaint, plaintiffs allege claims for breach of fiduciary duties, fraudulent and negligent misrepresentation and/or omission, civil conspiracy, neg-

---

1. Washington Mutual Finance Group is the surviving entity of a merger with City Finance Company.

ligence, unconscionability, negligent and grossly negligent failure to monitor and train agents, violation of the Mississippi Unfair or Deceptive Acts and Practices Act and misleading and deceptive advertising practices, all based on allegations that defendants made misrepresentations to plaintiffs and/or omitted certain material information from plaintiffs in connection with their respective loan transactions and engaged in predatory lending practices by packing their loans with insurance charges (including junk fees, excessively high closing costs, origination and service fees and exorbitant interest rates), flipping or refinancing these loans to increase defendants' profits and selling insurance which was utterly useless.

On December 4, 2002, Washington Mutual and the insurer defendants removed the case pursuant to 28 U.S.C. § 1441 on the dual bases that diversity jurisdiction was present due to the fraudulent joinder of the nondiverse defendants and because plaintiffs allegedly misjoined their claims under Rule 20 of the Federal Rules of Civil Procedure for the sole purpose of defeating diversity jurisdiction. Plaintiffs filed the present motion, arguing that remand is required inasmuch as a reasonable possibility of recovery exists against the resident defendants, and further because there has been no misjoinder that would warrant remand.[2]

■ Defendants have a heavy burden when attempting to prove fraudulent joinder, which they sustain only by showing that plaintiffs have no possibility of recovery against the resident, nondiverse defendants. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995). In analyzing the question whether there has been fraudulent joinder, the court may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Id.* In so doing, the court must construe all *contested* issues of fact and all ambiguities in controlling state law in a light most favorable to the non-removing party, *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir.2000) (emphasis added), and then determine whether plaintiffs have any reasonable possibility of recovery against the nondiverse defendants. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990)).

■ In the case at bar, defendants take the position that plaintiffs have no possibility of recovery against the resident defendants because, *inter alia*, their claims are barred by the applicable statute of limitations. In this vein, defendants note first, and correctly, that all of plaintiffs' claims are governed by Mississippi's three-year statute of limitations, Miss.Code Ann. § 13–3–57. They further point out that each of the loan transactions to which plaintiffs' complaint is addressed occurred more than three years prior to October 22, 2002, the date on which plaintiffs' complaint was filed in this cause.[3] Defendants submit, therefore, that plaintiffs' claims are time-barred.

---

2. Because this court finds that the motion to remand must be denied on the ground that the nondiverse defendants have been fraudulently joined, the court finds it unnecessary to reach defendants' misjoinder argument.

3. In their complaint, plaintiffs specifically recite that their complaint relates to loans that were obtained in the years "1994, 1995, 1996, 1997, and 1999." Now, in connection with

the motion to remand, plaintiffs have identified two loans which are within the limitations period, the first of which was obtained by Henry Johnson in July 2000, and the other of which was procured by Rease Porter in July 2000. As neither of these loans was made the subject of plaintiffs' complaint, plaintiffs' arguments regarding the potential viability of claims relating to them are properly disregarded by the court in ascertaining

Plaintiffs, however, maintain that their claims are not time-barred because defendants' alleged fraudulent concealment tolled the statute of limitations. In this regard, plaintiffs contend that defendants concealed from them the fact that the resident defendants earned commissions on the sale of credit insurance, which nondisclosure, they submit, amounts to fraudulent concealment of their causes of action. Therefore, the statute of limitations began to run, according to plaintiffs, not when the transactions were completed but rather when plaintiffs first discovered the fact of the "secret" commissions.

 Plaintiffs' position is without merit. First, fraudulent concealment of a claim requires "some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Robinson v. Cobb*, 763 So.2d 883, 887 (Miss.2000) (citing *Reich v. Jesco, Inc.*, 526 So.2d 550, 552 (Miss.1988)). However, the omission of information in the loan documentation does not amount to an "act or conduct of an affirmative nature," *Vaughn v. Citifinancial, Inc.*, Civ. Action No. 4:02CV452LN, 2003 WL 21498897 (S.D.Miss. May 16, 2003), and plaintiffs have not alleged any facts or identified any evidence, other than the loan documentation, in support of their fraudulent concealment claim. Moreover, while an omission might be considered an affirmative act in cases where there exists an affirmative duty of disclosure, no such duty existed on the undisputed facts presented by this case. More to the point, the facts belie any possible conclusion that the resident defendants owed a fiduciary duty to plaintiffs and hence they had no duty under Mississippi law to disclose, *inter alia*, the fact that they were receiving a commission from the sale of credit insurance.[4] Furthermore, plaintiffs have not shown how they realized they had a cause of action simply as a result of their learning of the payment of commissions, for the payment of commissions on the sale of insurance is not unlawful.[5] Based on the foregoing, the

whether there has been fraudulent joinder. *See Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1196 (S.D.Miss.1989) (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir.1980)) ("Whether a case has been properly removed is determined by reference to the allegations contained in a plaintiff's state court complaint as they existed at the time the petition for removal was filed"). Furthermore, plaintiffs did not name as defendants the resident employees of Washington Mutual with whom Johnson and Porter dealt on these particular transactions. Accordingly, it is manifest that as things now stand, plaintiffs have no possibility of recovery against any resident defendant relative to these two loan transactions, which, if asserted, would not be time-barred. The court notes that plaintiffs have moved to amend to add these employees (and presumably claims relating to the loans, as well). That motion is addressed, *infra*, at p. 649–651.

4. *See Stacher v. American General Finance, Inc.*, 2003 WL 1191182, at *3 n. 3 (S.D.Miss. 2003) (finding that the plaintiffs' argument

that a fiduciary duty existed between the resident defendants/agents of American General and plaintiffs meritless based on the absence of evidence that the plaintiffs knew the resident defendants outside the borrower/lender relationship or relied on the resident defendants for financial or other advice).

5. The court notes that other alleged misrepresentations and/or nondisclosures to which plaintiffs allude in their complaint relate to matters of which plaintiffs would have been aware, had they read the loan documents signed by them, and copies of which were furnished to them at the time of their loan transactions. Indeed, it is evident from their deposition testimony that none of the plaintiffs were concerned with the contents of their loan documents. None bothered to read, or do anything more than just "skim" the paperwork. *See American Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1202 (Miss.2001) (holding that statute of limitations began to run on the plaintiff's fraud claims from the date he received documents from which a

court concludes that plaintiffs have no possibility of recovery as to any of the claims appearing in their existing complaint; and that conclusion brings the court to plaintiffs' motion to amend.[6]

Plaintiffs have moved to amend their complaint to add two resident defendants, who they claim were the Washington Mutual employees that dealt with Henry Johnson and Rease Porter on loans obtained by these plaintiffs in July 2000. The court is of the opinion that plaintiffs' motion should be denied.[7]

■■■■ Pursuant to 28 U.S.C. § 1447(e), this court has discretion to permit or deny joinder of a resident defendant whose addition would destroy the subject matter of this court. When making the determination whether to allow such joinder in a removed case, courts in this circuit must scrutinize the requested amendment more closely than an ordinary amendment, making sure to take into account the original defendants' interest in their choice of forum. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987). The *Hensgens* decision identifies four factors which guide this court's decision when considering whether to allow the joinder of a resident defendant, as follows: (1) whether the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been diligent in requesting the amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and, (4) any other factors bearing on the equities. *Id.* Here, the court concludes that the equities clearly do not favor plaintiffs.

First, it is plain to the court that the purpose of plaintiffs' proposed amendment is to destroy diversity jurisdiction. Moreover, it does not appear that plaintiffs have been diligent in attempting to determine the identity of the resident defendants whom they now seek to add, or that they have been diligent in seeking amendment upon ascertaining the identity of these per-

reasonable person would have known of the basis for his claim).

**6.** In *Bolden v. Kentucky Finance Company, Inc.*, Civ. Act. No. 4:02CV98LN, 2003 WL 1048737 at *2 n. 4, this court recently noted:

Even if it were not so readily apparent that plaintiffs' claims are time-barred, the court would still conclude that plaintiffs have fraudulently joined the resident defendants for a variety of reasons, all of which have been fully addressed and explained in a number of prior opinions by the court. *See Strong v. First Family Fin. Servs., Inc.*, 202 F.Supp.2d 536 (S.D.Miss.2002); *Harrison v. Commercial Credit Corp.*, No. Civ. A. 4:01CV151LN, 2002 WL 548281 (S.D.Miss. 2002); *Ellis v. Washington Mutual Finance Group*, Civ. Action No. 4:01CV144LN (S.D.Miss. May 7, 2002); *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811 (S.D.Miss. 2002); *Ross v. CitiFinancial, Inc.*, 2002 WL 461567 (S.D.Miss.2002). The complaints in the cited cases resemble, or are practically identical to the complaint filed on behalf of plaintiffs in this case; and here, for the reasons assigned in these prior decisions denying motions to remand, the court is of the opinion that the plaintiffs herein, just as the plaintiffs in the cited cases, have no reasonable possibility of recovery against the individual defendants.

This observation is relevant to the present dispute.

**7.** Plaintiffs cite Federal Rule of Civil Procedure 15(a) and (b) in support of their motion to amend. Plaintiffs' motion, though, is not governed by Rule 15. Rule 15(b) by its terms applies only "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties." That is not the situation presented here. And where an amendment is sought which, if granted, would destroy diversity jurisdiction, the request to amend is not governed by Rule 15(a), which applies to amendments generally, but rather by 28 U.S.C. § 1447(e). *See Johnson v. Sepulveda Props., Inc.*, 1999 WL 728746, at *2 (E.D.La. 1999) ("Although under Fed.R.Civ.P. 15 leave to amend is freely given, if a motion to amend will destroy subject matter jurisdiction, the court must apply 28 U.S.C. §§ 1447(e)").

sons.[8] Finally, plaintiffs have not demonstrated that they will be prejudiced by the denial of their motion, and in fact, there is nothing to suggest that these plaintiffs will be unable to obtain full relief on any cognizable claims without the presence of the unnamed resident defendants. As such, the equities do not compel this court to allow the plaintiffs leave to amend their complaint. *See Alcantara v. Prudential Life Ins. Co. of America,* 75 F.Supp.2d 563, 565 (E.D.Tex.1999) (recognizing that "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor"); *Whitworth v. TNT Bestway Transp. Inc.,* 914 F.Supp. 1434, 1435 (E.D.Tex.1996) (citing *Hensgens,* 833 F.2d at 1182) (same). Accordingly, the court concludes that the motion for leave to amend the complaint should be denied and, since defendants have sustained their burden of showing that no reasonable possibility of recovery exists against the nondiverse defendants on the claims raised the original complaint, plaintiffs' motion to remand will be denied.[9]

For the foregoing reasons, it is ordered that plaintiffs' motion to remand, motion for leave to amend their complaint and motion to dismiss the insurance defendants' counterclaim are all denied.

---

**8.** It should be mentioned, too, that even without consideration of their efforts to identify the persons that handled the two loan transactions at issue, the fact is, plaintiffs did not even sue about these two loans when they filed their complaint. Surely had they intended to sue over these loans, they could easily have done so, but plainly did not.

**9.** Because this court finds that it has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, plaintiffs' motion to dismiss the insurance defendants' counterclaim, which is premised entirely on the alleged absence of this court's subject matter jurisdiction to hear the present controversy, must be denied.