Azalene HARE, Thelma Moore, Linda Clayton, and Benester Buckner, Plaintiffs,

v.

CITY FINANCE COMPANY, Washington Mutual Finance Group, LLC, American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, Union Security Life Insurance Company, American Security Insurance Company, Tiny Turner, Angela Tice, Wendy Dyness, Jennifer Helton and John Does 1–10, Defendants.

No. CIV.4:02 CV 478LN.

United States District Court, S.D. Mississippi, Eastern Division.

June 6, 2003.

**768**

Charles E. Gibson, III, Charles E. Gibson, III, Attorney, Jarret P. Nichols, Mary Jeanne Gibson, the Gibson Law Firm, Jackson, MS, for plaintiffs.

Jess Hays Dickinson, Dickinson, Ros, Samson & Nelms, PLLC, Katharine M. Samson, Johnny L. Nelms, Watkins, Ludlam, Winter & Stennis, P.A., Gulfport, MS, Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motions of plaintiffs Azalene Hare, Thelma Moore, Linda Clayton and Benester Buck-

ner to remand this cause to state court pursuant to 28 U.S.C. § 1447 and to dismiss defendants' counterclaim. Following a period of remand-related discovery, Washington Mutual Finance Group[1] (Washington Mutual), along with American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, Union Security Life Insurance Company and American Security Insurance Company (insurer defendants), have responded in opposition to the motions. The court, having considered memoranda and submissions of the parties, concludes that plaintiffs' motions are not well taken and should be denied.

Plaintiffs, all Mississippi residents, sued Washington Mutual and the insurer defendants, all diverse corporate entities, as well as four non-diverse former employees of Washington Mutual, claiming breach of fiduciary duties, fraudulent and negligent misrepresentation and/or omission, civil conspiracy, negligence, unconscionability, negligent and grossly negligent failure to monitor and train agents, violation of the Mississippi Unfair or Deceptive Acts and Practices Act and misleading and deceptive advertising practices. Essentially, plaintiffs' claims are based on allegations that defendants made misrepresentations to and/or omitted certain material information from plaintiffs in connection with plaintiffs' respective loan transactions and engaged in predatory lending practices by packing their loans with insurance charges (including junk fees, excessively high closing costs, origination and service fees and exorbitant interest rates), flipping or refinancing these loans to increase defendants' profits and selling insurance which was utterly useless.

Washington Mutual and the insurer defendants timely removed the action to this

---

**1.** Washington Mutual Finance Group is the surviving entity of a merger with City Finance Company.

court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, arguing that the resident defendants had been fraudulently joined for the sole purpose of defeating diversity jurisdiction and asserting, alternatively, that plaintiffs had fraudulently misjoined their claims together for the same reason. In their motion to remand, plaintiffs maintain that a possibility of recovery does exist under Mississippi law against the resident defendants, making removal inappropriate, and further assert that there has been no misjoinder that would rise to a level to warrant removal.[2]

To establish fraudulent joinder, the removing party has the heavy burden of proving either that there was outright fraud in the plaintiff's pleading of jurisdictional facts or that the plaintiffs have no reasonable possibility of establishing a cause of action against the non-diverse defendant in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). When determining whether a reasonable possibility of establishing a cause of action exists, the court may "pierce the pleadings" and con-

sider "summary judgment-type evidence such as affidavits and deposition testimony," *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256 (5th Cir.1995), and in so doing, must resolve all *disputed* questions of fact and all ambiguities in the controlling state law in favor of plaintiffs, *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990) (emphasis added). However, while disputed facts and ambiguous law are construed in a light most favorable to the non-removing party, plaintiffs whose pleadings are "pierced" by summary judgment type evidence "may not rest on the mere allegations or denials of [their] pleadings," *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000), but must present evidence to support their claims, *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000) (removal is not precluded merely because the face of the state court complaint sets forth a state law claim against a non-diverse defendant).

In the present case, defendants first contend that as to all but one of the credit transactions that are the subject of plaintiffs' complaint, no reasonable possibility of recovery exists against the resident defendants because, *inter alia*, plaintiffs' claims are time-barred.[3] As

---

2. Because this court finds that the motion to remand must be denied on the ground that the nondiverse defendants have been fraudulently joined, the court finds it unnecessary to reach defendants' misjoinder argument.

3. In their complaint, plaintiffs allege that their claims relate to loans obtained in the years "1997 and 1999." However, during remand-related discovery, evidence was presented concerning five loans which fall within the limitations period. These loans were obtained by plaintiff Linda Clayton in November 1999, November 2000, June 2001, March 2002 and September 2002. As only the November 1999 loan is covered by the complaint, plaintiffs' arguments regarding the potential viability of claims relating to loans occurring after 1999 are properly disregarded

by the court in ascertaining whether there has been fraudulent joinder. *See Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1196 (S.D.Miss.1989) (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir.1980)) ("Whether a case has been properly removed is determined by reference to the allegations contained in a plaintiff's state court complaint as they existed at the time the petition for removal was filed"). The fact is, plaintiffs did not even sue about these loans occurring after 1999 when they filed their complaint. Had plaintiffs intended to sue over these other loans, they could easily have done so, but plainly did not. And, as discussed *infra*, since plaintiffs did not name as a defendant the resident employee of Washington Mutual with whom Clayton dealt on the November 1999

defendants note, all of plaintiffs' claims are governed by Mississippi's general three-year statute of limitations, Miss. Code Ann. § 13-3-57, and plaintiffs claims, as alleged in the complaint, are based on loan transactions that occurred more than three years prior to October 18, 2002, the date on which plaintiffs' complaint was filed. Plaintiffs argue in response that the statute of limitations was tolled because defendants fraudulently concealed their allegedly tortious conduct from plaintiffs by failing to disclose the fact that the resident defendants earned commissions on the sale of credit insurance. From this, plaintiffs conclude that the statute of limitations began to run not when the transactions were completed but rather when plaintiffs initially discovered the fact of the "secret" commissions.

■ In accordance with this court's recent decisions in *Vaughn v. Citifinancial, Inc.*, Civ. Action No. 4:02CV452LN, 2003 WL 21498897 (S.D.Miss. May 16, 2003), and *White v. City Finance Co.*, Civ. Action No. 4:02CV495LN, 2003 WL 21498908 (S.D.Miss. May 22, 2003), the court finds plaintiffs' position to be without merit. Both *Vaughn* and *White* presented facts nearly identical to this case and, as here, arguments that the statute of limitations was tolled by the resident defendants' alleged concealment of commissions earned through the sale of life, disability and property insurance. In denying the plaintiffs' motions to remand, the court recognized that a fraudulent concealment claim

requires "some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Vaughn, supra*, at \*7 (citing *Robinson v. Cobb*, 763 So.2d 883, 887 (Miss. 2000)); *White, supra*, at \*6 (same); *see also Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d 78, 83 (Miss.2003) (holding that in order to establish fraudulent concealment, the plaintiff must show some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim, and further show that plaintiff was unable to discover the conduct giving rise to her claim despite acting with due diligence).

■ Here, as in *Vaughn* and *White*, "the omission of information in the loan documentation does not amount to an act or conduct of an affirmative nature," *Vaughn, supra*, at \*7; *White*, supra, at \*6; and, plaintiffs have alleged no other facts or submitted any evidence, other than the loan documents themselves, in support of their fraudulent concealment claim. Moreover, while an omission may be considered an affirmative act in cases where there exists an affirmative duty of disclosure, no such duty existed on the undisputed facts presented in this case because those facts negate any possible conclusion that the resident defendants owed a fiduciary duty to plaintiffs and hence they had no duty under Mississippi law to disclose, *inter alia*, the fact that they were receiving a commission from the sale of credit insurance.[4] In any event, plaintiffs have not

---

transaction, they have no claim against a resident defendant with respect to this loan which would preclude a finding of diversity jurisdiction.

4. For example, there is no allegation or evidence that plaintiffs knew any of the resident defendants outside their role as employees of Washington Mutual or looked to the resident defendants for financial advice. *See Stacher*

*v. American General Finance, Inc.*, 2003 WL 1191182, at \*3 n. 3 (S.D.Miss.2003) (finding the plaintiffs' argument that a fiduciary duty existed between the resident defendants/agents of American General and plaintiffs meritless based on the absence of evidence that the plaintiffs knew the resident defendants outside the borrower/lender relationship or relied on the resident defendants for financial or other advice).

shown how they realized they had a cause of action simply as a result of their learning of the payment of commissions, for the payment of commissions on the sale of insurance is not unlawful.[5] Based on the foregoing, the court concludes that plaintiffs have no possibility of recovery as to any of the claims which are based on credit transactions occurring before October 18, 1999. That conclusion brings the court to the claims which are not barred by the statute of limitations, namely, those relating to plaintiff Clayton's claims arising from her November 1999 loan.

■ Defendants argue that no reasonable possibility of recovery exists as to these claims because the agent or manager who signed the loan documents on behalf of Washington Mutual is not named as a defendant. In this vein, defendants point out that although the signature of the manager or agent who signed Clayton's November 1999 loan documents as the manager or agent representing the company is illegible, it is clear that the first name of that individual begins with a "C". Defendants reason that since none of the named resident defendants' names begins with this letter, Clayton has no viable claim

against any named resident defendant relating to this loan transaction.

■ Plaintiffs respond, arguing that Clayton's loan documents were signed by "Angela Tice, as well as others named in the complaint as John Does." However, the citizenship of fictitious unnamed defendants is disregarded for the purpose of determining whether removal was proper, *see* 28 U.S.C. § 1441(a), and, while Angela Tice appears to have witnessed some of Clayton's transactions occurring before October 18, 1999, there is no evidence that Tice had anything whatsoever to do with Clayton's November 1999 transaction.[6] Rather, as defendants note, the name of the manager or agent who signed the November 1999 loan papers does clearly begin with a "C" and does not resemble any of the named resident defendants' signatures appearing on other loan documentation submitted as evidence to this court.[7] As such, it clear to the court that no reasonable possibility of recovery exists against any named individual defendants regarding Clayton's claims arising from her November 1999 loan transaction. This conclusion, together with the court's conclusion that plaintiffs' remaining loan transactions that are the subject of their

5. The court notes that other alleged misrepresentations and/or nondisclosures to which plaintiffs allude in their complaint relate to matters of which plaintiffs would have been aware had they read the loan documents signed by them, and copies of which were furnished to them at the time of their loan transactions. Indeed, it is evident from their deposition testimony that none of the plaintiffs were concerned with the contents of their loan documents because none bothered to read their paperwork. *See American Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1202 (Miss.2001) (holding that statute of limitations began to run on the plaintiff's fraud claims from the date he received documents from which a reasonable person would have known of the basis for his claim).

6. Indeed, Clayton's deposition testimony demonstrates that she does not remember who she dealt with during this transaction.

7. A named resident defendant, Rebecca Walters, also signed the November 1999 loan as a witness to the transaction. However, based on the absence of any evidence that Walters had any involvement with Clayton regarding the terms of the November 1999 loan other than witnessing the transaction, no reasonable possibility of recovery exists against Walters based on this transaction. *See Johnson v. Citifinancial, Inc.*, No. 5:01CV215BN, at *12 (S.D.Miss. March 8, 2002) (finding no reasonable possibility of recovery against resident defendant who only signed loan document as a witness, absent evidence of witnesses' involvement in the conduct giving rise to the claim).

complaint are untimely, leads the court to conclude that plaintiffs' motion to remand must be denied.[8] Further, since this court has jurisdiction of the action pursuant to 28 U.S.C. § 1332,[9] plaintiffs' motion to dismiss the insurance defendants' counterclaim, which is premised entirely on the alleged absence of subject matter jurisdiction to hear the present controversy, must also will be denied.[10]

For the foregoing reasons, it is ordered that plaintiffs' motion to remand and motion to dismiss the insurance defendants' counterclaim are denied.

---

**8.** In *Bolden v. Kentucky Finance Company, Inc.*, Civ. Act. No. 4:02CV98LN, 2003 WL 1048737, at \*2 n. 4, this court recently noted:

> Even if it were not so readily apparent that plaintiffs' claims are time-barred, the court would still conclude that plaintiffs have fraudulently joined the resident defendants for a variety of reasons, all of which have been fully addressed and explained in a number of prior opinions by the court. *See Strong v. First Family Fin. Servs., Inc.*, 202 F.Supp.2d 536 (S.D.Miss.2002); *Harrison v. Commercial Credit Corp.*, No. Civ. A. 4:01CV151LN, 2002 WL 548281 (S.D.Miss. 2002); *Ellis v. Washington Mutual Finance Group*, Civ. Action No. 4;01CV144LN (S.D.Miss. May 7, 2002); *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811 (S.D.Miss. 2002); *Ross v. CitiFinancial, Inc.*, 2002 WL 461567 (S.D.Miss.2002). The complaints in the cited cases resemble, or are practically identical to the complaint filed on behalf of plaintiffs in this case; and here, for the reasons assigned in these prior decisions denying motions to remand, the court is of the opinion that the plaintiffs herein, just as the plaintiffs in the cited cases, have no

> reasonable possibility of recovery against the individual defendants.

This observation is relevant to the present dispute. Here, it is clear that, even if plaintiffs claims were not time-barred and the agent who dealt with Clayton during her loan transaction had been named as a defendant, plaintiffs would still have no reasonable possibility of recovery against the resident defendants based on the claims asserted in their complaint.

**9.** As the resident defendants have been fraudulently joined, complete diversity exists between the parties in this matter and there is no dispute that the amount in controversy, i.e., $75,000, exclusive of interest and costs, has been met. *See* 28 U.S.C. § 1332.

**10.** Inasmuch as the court has ruled that no possibility of recovery exists against resident defendants Turner, Tice, Dyess and Helton, dismissal of these defendants on the basis of their fraudulent joinder is also in order. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999) (affirming district court's orders dismissing nondiverse defendants as fraudulently joined.).