J. R. WATKINS COMPANY *v.* RUNNELS

No. 43413          March 8, 1965          172 So. 2d 567

*Henley, Jones & Henley,* Jackson, for appellant.

*Billy C. Little,* Magee, for appellee.

KYLE, P. J.

The J. R. Watkins Company, a corporation organized and existing under the laws of the State of Delaware, domiciled and having its principal place of business in the City of Winona, Minnesota, as plaintiff, filed its declaration in the Circuit Court of Simpson County against Hinds D. Runnels, A. D. Runnels and Elton Kennedy, resident citizens of Simpson County, defendants, seeking to recover of and from the defendants the sum of $1,040.25, being the balance due and owing to the plaintiff for goods, merchandise, and other articles, sold and delivered by the plaintiff to Hinds D. Runnels between the 27th day of May 1954 and the 28th day of October 1954, upon his order and request, pursuant to the terms of a written agreement dated May 24, 1954, and duly executed by Hinds D. Runnels, called the "purchaser", and The J. R. Watkins Company, called the "Company", and pursuant to the terms of a written agreement of suretyship and guaranty of even date therewith duly executed by A. D. Runnels and Elton Kennedy, as sureties, wherein they jointly, severally and unconditionally promised, agreed and guaranteed to pay for said goods and other articles sold and delivered

by the plaintiff to Hinds D. Runnels, as provided in the above mentioned agreement.

By the terms of the above mentioned agreement the Company agreed to sell and deliver to Hinds D. Runnels, the purchaser, at its current wholesale prices free on board cars at Winona, Minnesota, or at its option, at any of its other regular places of shipment, such goods and other articles manufactured or sold by the Company as the purchaser might reasonably require for sale, from the date of said agreement, until the 1st day of April 1957, in the locality in which the purchaser was then engaged, or intended to engage in business. In consideration thereof the purchaser agreed to buy from the Company the goods reasonably required by him and agreed to furnish to the Company complete regular weekly written records, showing separately the amounts of cash sales, time sales and collections, and also agreed to furnish a complete financial statement when requested to do so. The purchaser agreed to pay the Company its current wholesale prices for the goods and other articles sold to him, and also the prepaid transportation charges thereon, if any, by remitting to the Company each week at least sixty per cent of the amount received by him from his cash sales, and from his collections on sales previously made; and at the expiration of the termination of the agreement, to pay the whole amount thereof then remaining unpaid. The agreement further provided that the purchaser should have the right, within thirty days after the expiration or termination of the agreement, to return, by prepaid freight, to the Company in good condition, any goods purchased by him from the Company which he might then have on hand; and the Company agreed to repurchase such goods when received by it and pay or credit the purchaser thereof at the invoice prices at the Company's then prevailing wholesale prices, whichever should be lower. And, finally, the agreement also provided as follows:

6. The Purchaser shall have no power or authority to make any statement or representation, or to incur any debt, obligation, or liability of any kind whatsoever, in the name of, or for, or on account of the Company.

7. The Company shall have no interest in the accounts due for goods sold by the Purchaser; and no oral or written statements, printed, advertising or other matter of the Company, sent to, or distributed by the Purchaser; shall be construed to direct or control the sale or other disposition of said goods, or to change or modify the terms of this agreement.

8 * * *

9. It is also mutually agreed that this is the complete, entire and only agreement between the parties, and that it shall not be varied, changed, or modified in any respect except in writing executed by the Purchaser and by an officer of the Company, and that either of the parties hereto may terminate this agreement at any time, if desired, by giving the other party notice thereof in writing by mail.

The agreement of suretyship and guaranty executed by the sureties was as follows:

In consideration of the execution of the foregoing agreement by The J. R. Watkins Company, which we have read, or heard read, and fully understand and hereby agree and assent to, and its promise to sell, and the sale and delivery by it, to the Purchaser, as vendee, of goods and other articles, as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this agreement, notice of default or of nonpayment, and waive action required upon notice, by any statute against the Purchaser; and we jointly, severally, and unconditionally promise, agree and guarantee to pay for said goods and other articles, and the prepaid transportation charges thereon, at the time and place, and in the manner in said

agreement provided. And we further severally agree that, in case of death of one or more of us, the undersigned sureties, before the expiration or termination of this agreement, his estate shall continue liable with the surviving surety or sureties for all shipments made to the Purchaser prior to receipt by the Company at Winona, Minnesota, of written notice by registered mail of such debt.

The plaintiff's declaration was filed on July 27, 1956. Attached to the declaration as exhibits thereto were copies of the above mentioned agreements and an itemized statement of the account of charges made by the Company against Hinds D. Runnels for goods, merchandise and other articles sold and delivered to Hinds D. Runnels during the period from May 27, 1954, to and including October 28, 1954, amounting to $1,273.74, and also credits for amounts paid on the account aggregating the sum of $233.49. The balance shown to be due on the account was $1,040.25.

The defendants filed a joint answer to the plaintiff's declaration on September 9, 1958, and in their answer denied in general terms their liability for the payment of the account, and as matters of affirmative defense the defendants averred in their answer that the plaintiff was a nonresident corporation carrying on a mercantile business in the State of Mississippi without qualifying to do business in Mississippi, and for that reason had no legal right to invoke the aid of the courts of this state to enforce payment of the debt alleged to be due under the agreement sued on. The defendants also averred in their answer that the plaintiff had breached the contract with the defendants, and had failed to credit the defendant Hinds D. Runnels with all payments made by him on the account referred to in the plaintiff's declaration. The defendant Henry D. Runnels also filed an affidavit in which he stated that to the best of his information and belief each and every item of the account was incor-

rect as to prices and terms of delivery, and that he did not owe the account or a single item thereof.

For reasons which do not appear in the record the case was continued for several terms and was finally tried at the March 1964 term of the court.

When the case was called for trial the defendants Hinds D. Runnels and Elton Kennedy, through their attorney, withdrew their pleadings and permitted a default judgment to be entered against them. The defendant A. D. Runnels appeared in court with his attorney and defended the suit on its merits.

The plaintiff offered in evidence the depositions of Ralph G. Boalt, a vice president of The J. R. Watkins Company, and Donald W. Mattson, comptroller of the Company, in charge of its books of general account in its general office in the City of Winona, Minnesota, to prove the due execution of the agreements sued on and attached as exhibits to the plaintiff's declaration. The plaintiff also offered in evidence the itemized statement of the account attached as an exhibit to the plaintiff's declaration, together with an affidavit as to the correctness of the account duly executed by the above named D. W. Mattson, comptroller. The correctness of the several items of the account, including the items of credit, was also proved by the testimony of the above mentioned Ralph G. Boalt and D. W. Mattson.

The plaintiff called the defendant, A. D. Runnels, to testify as an adverse witness. Runnels was asked whether he had ever seen a copy of the agreement which was handed to him and which he was requested to read, the same being the guaranty agreement signed by A. D. Runnels and Elton Kennedy which appeared as a part of the instrument sued on. The witness stated that he signed a paper for the recommendation of Hinds D. Runnels — that was what Hinds D. Runnels said he was signing. The witness stated that he did not read the agreement before he signed it, and he did not know what

he was signing; that Hinds D. Runnels came over to his field and asked him if he would sign a recommendation for him, and what he signed could have been the instrument that he was asked to identify. He admitted that he signed an agreement. The witness repeated the statement that he did not read the instrument. The witness admitted that he had been notified by mail on two occasions about the agreement. He did not know whether he received any more notices or not. Objection was made by the defendant's attorney to the testimony on the ground that the original instrument was not produced. The plaintiff's attorney stated that the originals were lost or misplaced with the original depositions, and that a court order had been entered permitting the copies to be substituted for the originals. The court verified that statement.

A. D. Runnels was later recalled to testify as a witness in his own behalf, and on direct examination by his own attorney, Runnels testified that he lived below Magee in Simpson County on a farm. Farming had been his occupation. The witness was asked to state when and under what circumstances he signed the instrument. He stated he was over there in the field plowing when Hinds D. Runnels came over to see him about signing the instrument. Hinds D. Runnels came by himself. No agent of the Company came with him. Hinds D. Runnels asked him if he would sign an agreement for him to get some goods to sell and make a little money. The witness stated that he told him, "I reckon so." He did not take up more than a few minutes. He just signed the paper and Hinds D. Runnels went back to the house. The instrument he signed looked like the instrument that was presented to him in court.

At the conclusion of the evidence the court refused the instruction requested by the plaintiff for a directed verdict against the defendant A. D. Runnels, and submitted the question of Runnels' liability to the jury.

The jury returned a verdict for the defendant. The plaintiff's motion for a new trial as to the defendant A. D. Runnels was overruled; and a judgment was entered in favor of the defendant.

From that judgment the plaintiff has prosecuted this appeal.

The appellant has assigned and argued two points as grounds for reversal of the judgment rendered in favor of the defendant A. D. Runnels: (1) That the court erred in refusing the instruction requested by the plaintiff for a directed verdict against the defendant A. D. Runnels; (2) that the court erred in overruling the plaintiff's motion for a new trial as to the defendant A. D. Runnels.

The appellee has also filed a cross assignment of errors.

██ █ We think the court erred in refusing to grant the peremptory instruction requested by the appellant at the conclusion of all of the evidence. A. D. Runnels, in our opinion, did not raise any issue entitling him to submit the case to the jury. The execution of the agreement by Hinds D. Runnels and the plaintiff, and the execution of the surety agreement by A. D. Runnels and Elton Kennedy were fully established by the depositions of Ralph G. Boalt, Vice President of the J. R. Watkins Company. The correctness of the itemized statement of account, to which there was attached an affidavit as to the correctness of the account duly executed by D. W. Mattson, a comptroller of the plaintiff's company, was also proved by the deposition of Ralph G. Boalt, Vice President, in answers to the interrogatories numbered 14 through 26. The pleadings do not allege that A. D. Runnels' signature to the guaranty agreement was obtained by fraud, and there is no proof in the record to indicate that his signature was obtained by fraud. As stated by this Court in J. R. Watkins Co. v. Poag, 154 Miss. 222, 122 So. 473 (1929), ██ █ the sureties were distinctly charged with knowledge of the

terms of the contract which they signed, and if they failed to read the contract before signing it, they have only themselves to blame, and cannot avail of their negligence in that regard. In Continental Jewelry Co. v. Joseph, 140 Miss. 582, 105 So. 639 (1925), the Court said:

"A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him, and that he supposed its terms were different, unless he was induced not to read it or have it read to him by fraudulent representations made to him by the other party, on which he was entitled to rely. 13 C.J. 370, et seq.; note to Spitze v. B. & O. R.R. Co., 32 Am. St. Rep. 385." See also Koenig v. Calcote, 199 Miss. 435, 25 So. 2d 763 (1946); McCubbins v. Morgan, 199 Miss. 153, 23 So. 2d 926 (1945).

■■ ■ We have examined the cross-assignment of errors filed by the appellee. For the reasons stated above, we think there was no error in the court's refusal to grant the two instructions requested by the appellee which appeared on pages 59 and 60 of the record; and in view of the conclusions which we have reached on the merits of the case it is not necessary that we discuss the remaining points presented in the appellees cross-assignment of errors. The appellant, in our opinion, was clearly entitled to a directed verdict at the conclusion of all of the evidence. The judgment of the lower court is therefore reversed and a judgment will be entered here in favor of the appellant against the appellee A. D. Runnels for the sum of $1,040.25, with interest thereon at the rate of six per cent per annum from July 27, 1956, the date of demand by the filing of suit, to the date of the rendition of the judgment of this Court. Collins v. Carter, 155 Miss. 600, 125 So. 89 (1929).

Reversed and judgment rendered in favor of the appellant.

*Ethridge, Rodgers, Brady and Inzer, JJ.,* concur.