Lannie BOLDEN, et al., Plaintiffs,

v.

**KENTUCKY FINANCE COMPANY, INC., et al., Defendants.**

**No. CIV.A.4:02 CV 98LN.**

United States District Court, S.D. Mississippi, Eastern Division.

March 25, 2004.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Plaintiffs.

Stephen E. Gardner, Young, Williams, Henderson & Fuselier, Walter D. Willson, Wells Marble & Hurst, PLLC, Jackson, MS, Elizabeth B. Shirley, Reid S. Manley, Burr & Forman, LLP, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court the separate motions of defendants American Bankers Life Insurance Company of Florida and American Bankers Life Assurance Company of Florida (American Bankers) and Kentucky Finance Company, Inc. for summary judgment or, in the alternative, for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs have responded to the motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendants' motions are well taken.

This case was originally brought in the Circuit Court of Noxubee County by thirty-two plaintiffs complaining of alleged predatory lending actions relating to the sale of credit insurance and the refinancing of their loans from Kentucky Finance. Following the court's denial of plaintiffs' motion to remand, summary judgment was entered as to the claims of four of the plaintiffs on the basis that their claims were barred by a settlement agreement they had signed, and the claims of an additional ten plaintiffs were dismissed with prejudice by agreed orders of the parties. Defendants now contend that summary judgment is in order as to the claims of each of the remaining eighteen

plaintiffs on the bases that all their claims are barred by the applicable statute of limitations, and even if not so barred, as a matter of law are not sustainable on the basis of the undisputed facts of record. A review of that evidence confirms that all the plaintiffs' claims are, indeed, time barred and that summary judgment is consequently in order.

The parties agree that plaintiffs' claims, all of which are based on misrepresentations which were allegedly made or omissions of fact relating to their loan transactions, are governed by Mississippi's general three-year statute of limitations, Miss.Code Ann. § 15-1-49. This case was filed on February 20, 2002. Thus, any claims that accrued on or before February 20, 1999 would be time barred, unless the statute of limitations was tolled. In this case, as is clear from the following synopsis of the proof, all the plaintiffs' claims relate to loans that were obtained prior to the limitations period:

Stephen Bates' three loans were taken out in 1996 and 1997; he alleges that the loan officer told him that he needed to buy insurance or had to buy credit insurance on the loans;

George and Sarah Branch secured a loan from Kentucky Finance in April 1991, and Sarah Branch believes they paid for overpriced insurance that she was not told about;

Tyronne Franks obtained loans in 1994, 1995 and 1996 on which he purchased credit insurance, and claims that the loan officer told him (or implied) that he had to have the insurance for the loan;

Although she could not recall all her loans from Kentucky Finance, Darlene Frost produced documentation of a 1995 loan, and says that she had other refinanced loans in 1996 or 1997; she complains that she was told she had to have insurance to get the loans;

Mary Gordon obtained two loans in 1996 and complains that the loan officer should have explained to her that she did not have to purchase insurance;

Joyce Harrington took out loans in 1993, 1994, 1996 and 1997; she testified that no one told her she had to purchase insurance on the loans;

Larry Hilliard got three or four loans, from 1996 through 1997, on which he purchased credit life, credit disability and credit property insurance, which he claims the loan officer told him he had to purchase;

Arthur Ivy obtained three or four loans from Kentucky Finance, the last in 1997, in connection with which he claims he was told "now, you have got to have insurance; if you get sick, the insurance will make the payments, if you die, the insurance will pay the bill off;"

Vernita Ivy got two loans from Kentucky Finance in 1996 and 1997, respectively, and does not recall any discussion of insurance or anyone telling her she had to buy insurance to get the loan;

James Kirksey obtained six loans from 1992 to 1998 and complains that when he had one loan outstanding, Kentucky Finance would not let him get a second loan unless he refinanced the first one into the second one;

Joseph Lyon obtained four loans in the years 1994 through 1996, and did not know that he was purchasing insurance in connection with the loans;

Flora McDonald took out a loan from Kentucky Finance in 1998, and claims that the loan officer told her she had to have insurance through her company to get the loan;

Henry and Annie Robbins, whose five loans with defendants were taken out in 1996 and 1997, complain that the loan officer should have told them that the purchase of insurance was optional instead of telling them they had to have it;

Woodie and Lillian Taylor took out a loan in 1995, and claim they were told that the loan was conditioned on them getting credit life insurance on Mr. Taylor; and

Juanita Trimuel obtained a loan in 1995 which she refinanced in 1996, at which time she purchased credit life, credit disability and property insurance that she claims the loan officer told her she had to have.

To reiterate, inasmuch as plaintiffs' suit was filed more than three years after the dates of their loans, plaintiffs' claims will be time barred in the absence of some basis for tolling the running of the statute of limitations. Recognizing this, plaintiffs submit that their claims are timely, or that there is at least an issue of fact as to the timeliness of their claims, by virtue of defendants' fraudulent concealment of plaintiffs' causes of action and by reliance on the discovery rule. Contrary to plaintiffs' urging, however, the undisputed facts do not even arguably support application of either the fraudulent concealment doctrine or the discovery rule.

Section 15–1–67 of the Mississippi Code provides for tolling in limited circumstances, as follows:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Mississippi Code Ann. § 15–1–49(2) establishes the "discovery rule," and provides,

In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Plaintiffs, in an apparent attempt to avail themselves of these tolling doctrines, allege in their complaint that they "were unaware until recently of the Defendants' wrongful conduct ... and could not have at any time earlier discovered Defendants' wrongful conduct, which included Defendants' affirmative and fraudulent concealment of their wrongful conduct and the facts relating thereto."

The Mississippi Supreme Court has held that to avail themselves of the doctrine of fraudulent concealment to toll the running of the limitations period, "plaintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d 78, 84 (Miss.2003). Plaintiffs acknowledge these requirements, and acknowledge, as well, that they have no proof of any actual affirmative concealment. Instead, they rely on defendants' original nondisclosure(s) of the information on which plaintiffs' claims are based and, in response to defendants' motion, note that the Mississippi courts have indicated that the requirement of an affirmative concealment is satisfied by a fiduciary's silence in the face of his duty to disclose relevant information. *See Turnley v. Turnley*, 726 So.2d 1258, 1262 (Miss. App.1998). In *Turnley*, the court stated,

It is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward

each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment within the rule under consideration.

*Id.* (quoting *Van Zandt v. Van Zandt,* 227 Miss. 528, 86 So.2d 466, 470 (1956), which in turn quoted from Note, *What Constitutes Concealment Which Will Prevent the Running of Statute of Limitations: Stetson v. French,* 321 Mass. 195, 72 N.E.2d 410, 173 A.L.R. 569, 588 § 13 (1947)). *See also Hare v. City Finance Co.,* 269 F.Supp.2d 766, 769–71 (S.D.Miss. June 6, 2003) (recognizing that "an omission may be considered an affirmative act in cases where there exists an affirmative duty of disclosure"). The court is of the opinion that plaintiffs' reliance on this principle is not well placed.

Although plaintiffs allege they had a fiduciary relationship with defendants, the evidence in support of this allegation is marginal, at best, and consists of nothing more than the fact that each of the plaintiffs obtained more than one loan from Kentucky Finance. Without more, this would not support finding that a fiduciary relationship existed. But even if the proof were sufficient to create an issue of fact as to the existence of a fiduciary relationship, the facts belie any reasonable conclusion that plaintiffs acted with the requisite due diligence to discover their claims, a requirement for application of either the doctrine of fraudulent concealment or the discovery rule. *See Anderson v. City Finance Co.,* Civil Action No. 3:02CV1074, 2003 WL 21788947 (S.D.Miss. July 14, 2003). At the time of their loan transactions, all the plaintiffs signed loan documents, and were provided with copies of their loan documents, which clearly disclosed to plaintiffs all of the information which the law would arguably require be disclosed,[1] including that credit insurance

---

1. Plaintiffs take the position that in the event they undertook to sell insurance to plaintiffs, defendants were duty-bound to obtain the insurance on the best terms available, and that defendants not only failed to do this but also failed to disclose to plaintiffs that the price they charged for the coverage procured was higher than the prevailing market price for the same coverage. In this vein, plaintiffs argue that "[g]iven each plaintiff's level of sophistication, there is no way they could have realized that the insurance they purchased was over-inflated or that it was above the prevailing market-rate." This court addressed, and rejected, a similar argument in *Strong v. First Family Financial Services, Inc.,* 202 F.Supp.2d 536, 544 n. 8 (S.D.Miss.2002), explaining as follows:

    Of course, it is recognized in this state that by offering an insurer's credit insurance policy to a borrower, the lender (and its employee) becomes the borrower's agent for purposes of procuring the coverage so

    offered and requested. *See, e.g., Estate of Jackson v. Mississippi Life Ins. Co.,* 755 So.2d 15, 21 (Miss.[App.]1999) (holding that since credit life insurance was obtained by lender, "a reasonable, fair-minded juror would almost have to find that [the lender's employee] became [the borrower's agent] for the purpose of procuring it," but also noting that "[i]f a bank employee is authorized to sell credit life insurance on the bank's loans, ... the employee is an agent for both the insurance company as well as the bank"); *First United Bank of Poplarville v. Reid,* 612 So.2d 1131, 1137 (Miss.1992) ("An insurance agent owes the duty to his principal to exercise good faith and reasonable diligence to procure insurance on the best terms he can obtain, and any negligence or other breach of duty on his part which defeats the insurance he procures will render him liable for the resulting loss."); *Parnell v. First Savings and Loan Assoc. of Leakesville,* 336 So.2d 764 (Miss.

was not required as a condition of the loan and the cost of the insurance being offered.[2] There is no proof that the defendants prevented plaintiffs from reading the documents; and regardless of whether or not plaintiffs actually read the disclosures, either at the time they executed the loan documents or any time thereafter, it is clear, notwithstanding plaintiffs' protestations to the contrary, that the information they claim was misrepresented to them and/or concealed from them was actually made available to them, and their failure to inform themselves as to the contents of their loan documents in their possession cannot be said to constitute due diligence such as would toll the limitations period.[3] *See American Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1202 (Miss.2001) (holding that statute of limitations began to run on the plaintiff's fraud claims from the date he received documents from which a reasonable person would have known of the basis for his claim); *Stephens*, 850 So.2d at 82 (stating that parties to a contract are "bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy," so that statute of limitations barred the plaintiffs' claim for fraud, notwithstanding their failure to read their policy); *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington*

1976) (holding that where lender financed, collected and retained one year's premium on credit life insurance for borrower, it "assumed a contractual obligation to obtain credit life insurance for [such borrower] and to apply the amounts so received to credit life insurance, and ... it stood in a fiduciary capacity towards [the borrower] to see that the amount so charged, collected and withheld were actually applied to obtaining and purchasing such insurance"). There is no issue in this case of the resident defendants' failure to procure requested credit life or credit disability coverage; the coverage was procured, and for that matter, is not alleged by plaintiffs to have been offered or procured on terms other than the best terms *these defendants* could offer. The court's observation in *Strong* applies in the case at bar, as does the court's further observation in *Strong* that ("[t]he rates for these plaintiffs' loans are clearly set forth in the loan documents and plaintiffs certainly were free to judge for themselves whether they thought the rates reasonable"). *Id.* at 544 n. 7. *See also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464–66 (5th Cir.2003) (holding that fiduciary duty to disclose terms of insurance is satisfied so long as lender procures insurance as represented and provides written disclosure of the terms of the insurance).

2. Plaintiffs argue that given their level of sophistication, they could not, with due diligence, have understood that insurance was not required to be purchased and suggest that the disclosures in the loan documents were somehow ambiguous. That is not the case. The loan agreement plainly states:

**CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT, AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST.**

. . .

You may obtain property insurance from anyone you want that is acceptable to us. If you get the insurance from us, you will pay $————————. . . .

3. Plaintiffs submit that they are unsophisticated and that the loan documents were ambiguous with respect to the subject of credit insurance. The court would reiterate, however, that the loan documents are clear and plainly impart to the reader the information that plaintiffs claim was misrepresented and/or not disclosed to them. Plaintiffs, though perhaps unsophisticated, are nevertheless held by law to have knowledge of the content of their contracts. *Cf. Washington Mut. Finance Group, LLC v. Bailey*, 364 F.3d 260, 263–65 (5th Cir.rch 19, 2004) (under Mississippi law, " '[a] person cannot avoid a written contract which he has entered into on the ground that he did not read it *or have it read to him.*' ") (quoting *J.R. Watkins Co. v. Runnels*, 252 Miss. 87, 172 So.2d 567, 571 (1965)) (emphasis added in *Bailey*).

*Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257 (Miss.1991) ("[A] party is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract".); *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 726 (Miss.2002) ("In Mississippi, a person is charged with knowing the contents of any document that he executes."); *see also Washington Mut. Finance Group, LLC v. Bailey*, 364 F.3d 260, 265 (5th Cir.2004) ("As we previously have noted, Mississippi law charges parties to a contract with the obligation to read that contract or 'have it read to [them],' *Russell*, 826 So.2d at 726, and does not permit such a party 'to admit that he signed it ... but did not read it or know its stipulations.'").

Inasmuch as the court concludes that plaintiffs' claims are time barred, it is ordered that defendants' motions for summary judgment are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

## JUDGMENT

For the reasons given in the court's memorandum opinion and order of this date, and in light of the previous orders and opinions dismissing the claims of certain plaintiffs, it is ordered and adjudged that this case is dismissed with prejudice.