MYERS, J.,
for the Court.
¶ 1. This case arises from the grant of the defendants’s motion for summary judgment in the Marion County Circuit Court. The crux of the case is whether individuals were forced to purchase insurance at accelerated premiums as part of a loan agreement; the underlying facts of which are as follows:
¶ 2. On January 20, 2002, Chris Morgan filed his complaint against Joanna Powell, Gulf Guaranty Insurance Company, and Citizens Bank in the Circuit Court of Marion County. Morgan thereafter amended his complaint, alleging breach of fiduciary duty, civil conspiracy, negligence, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, unjust enrichment, gross negligence, fraudulent concealment, violation of the Mississippi Unfair or Deceptive Acts and Practice Act, violation of Mississippi Code Annotated § 97-23-3, breach of implied covenants of good faith and fair dealing, failure to monitor and train agents, and unconscionable acts. These allegations are based upon the practice of Citizens Bank acting as an agent for Gulf Guaranty, of selling optional credit insurance policies to individuals whom are approved for a loan.
¶ 3. Morgan argues that due to his lowered mental capacity, he was unaware of his acceptance of the various insurance policies which he purchased on multiple occasions. From 1994 through 2001, Morgan applied for approximately ten loans from Citizens Bank in Columbia, Mississippi. Each of Morgan’s loan applications contained several checkboxes which he had to initial to indicate whether or not he desired to purchase credit life insurance, credit disability insurance, and/or joint credit life insurance. For each of the loans Morgan obtained, Morgan initialed the boxes stating that it was his desire to purchase credit life insurance and signed underneath.
¶ 4. On January 22, 2004, Citizens Bank and Powell filed a motion for summary judgment. Gulf Guaranty followed, filing its motion for summary judgment on January 30, 2004. The arguments presented in both motions were similar, arguing that *1135 Morgan understood the terms of the agreement and that Morgan was competent to enter into such a contract. Morgan, in opposition to the defendants’s motion for summary judgment, argues that he is a mental incompetent and that although he could have read the terms of the contract, he did not have the mental capacity to understand the terms.
¶ 5. The Marion County Circuit Court granted the defendants’ motion for summary judgment, finding that Morgan’s claims were subject to a three year statute of limitations in accordance with Mississippi Code Annotated § 15-1^9 (Rev. 2003). Further, the court found that there was no evidence of fraudulent concealment which would toll the three year statutory period prescribed by § 15-1-49. Based upon these findings the trial court held that any loans made prior to February 20, 1999, were time barred, as Morgan filed his complaint on February 20, 2002. Additionally, the trial court ruled that Mississippi’s rule of imputed knowledge was applicable and Morgan’s claims were therefore barred. Finally, the trial court found that there was no showing of either Citizens Bank or Powell having notice of Morgan’s alleged mental incompetence and that if a fiduciary relationship existed between the parties, the defendants had not breached the fiduciary duty.
¶ 6. Aggrieved by the trial court’s grant of summary judgment against his claims, Morgan appeals raising the following two issues:
I. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO MORGAN’S COMPETENCY.
II. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO MORGAN’S CHARGE OF FRAUDULENT CONCEALMENT.
¶ 7. Finding no error, we affirm.
LEGAL ANALYSIS
¶ 8. Morgan’s claims deal with two issues. First, Morgan addresses the effect of his mental condition in relation to his ability to execute a contract. Secondly, Morgan addresses Powell, Citizens Bank, and Gulf Guaranty’s actions, and the effects thereof, in potentially tolling the applicable limitations period. Both of these claims are appealed pursuant to the trial court’s grant of summary judgment in favor of Powell, Citizens Bank, and Gulf Guaranty and are subject to the same standard of review, listed below.
STANDARD OF REVIEW
¶ 9. A trial court’s grant of summary judgment is reviewed de novo. Satchfield v. R.R. Morrison & Son, Inc., 872 So.2d 661, 663(¶ 5) (Miss.2004) (citing Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7) (Miss.2001)). In conducting this review, the facts are viewed in the light most favorable to the nonmoving party and the existence of a genuine issue of material fact will preclude summary judgment. Hardy v. Brock, 826 So.2d 71, 74(¶ 14) (Miss.2002). In instances where disputed facts exist or where different interpretations or inferences can be drawn from undisputed facts, summary judgment is inappropriate. Johnson v. City of Cleveland, 846 So.2d 1031, 1036(¶ 14) (Miss.2003).
I. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO MORGAN’S COMPETENCY.
DISCUSSION
¶ 10. Morgan first contends that genuine issues of material fact exist as to his competency, thereby precluding a grant of summary judgment. Morgan argues that he is unable to contract for lack of mental capacity, due to his inability to *1136 competently read and comprehend the terms of the loan documents. In support of this argument, the record contains two affidavits, one by Dr. Kevin H. Holmes, who practices internal medicine, and a second by Thomas D. Gober, who is a senior manager and director of the Fraud Examination and Forensic Accounting division of Summerford Accountancy, P.C. located in Birmingham, Alabama.
¶ 11. Dr. Holmes’s affidavit states that through his visits with Morgan, he has formed the opinion that Morgan suffers from a learning disability and possesses a low I.Q., which would prohibit his understanding of terms contained in loan documents. Gober’s affidavit states that Citizens Bank and Gulf Guaranty were involved in an abusive pattern of behavior towards Citizens Bank’s borrowers. Gober specifically lists five findings which are listed verbatim as follows:
1. Overcharging premiums for credit insurance products that were inferior to other products in the marketplace.
2. Citizens Bank failed to act with honesty and trustworthiness.
3. Citizens Bank and/or Gulf Guaranty failed to disclose to its customer that they received substantial insurance commissions for the sale of policies to which they were also a beneficiary in the event of a loss.
4. Citizens Bank and/or Gulf Guaranty took unfair advantage of its customer through the use of complex premium and interest calculations that compounded the effects of the charges to the detriment of the customer.
5. Citizens Bank repeatedly “churned” its customer’s loans to their own profit at the detriment of the customer.
¶ 12. Mississippi law has a well-established standard governing this issue, which is set forth as follows:
“In Mississippi, a person is charged with knowing the contents of any document that he executes.” Russell v. Performance Toyota, Inc., 826 So.2d 719, 725 (Miss.2002) (citing J.R. Watkins Co. v. Runnels, 252 Miss. 87, 172 So.2d 567, 571 (1965) (“A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him.”)). “[A] person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.” Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So.2d 1254, 1257 (Miss.1991). Accordingly, the Plaintiffs are charged with notice and therefore all claims accrued at the time the loan agreements were executed.
Andrus v. Ellis, 887 So.2d 175, 180(¶ 28) (Miss.2004) (emphasis added).
¶ 13. Mississippi law further states that in order to prove that one is non compos mentis, it must be proven by clear and convincing evidence, rather than by a preponderance of the evidence, and must be proven by the proponent of that position. Smith v. Smith, 574 So.2d 644, 652 (Miss.1990). In an effort to create an issue of material fact, Morgan has submitted the aforementioned affidavits which contend that Morgan suffers from a mental deficiency which would affect his ability to contract.
¶ 14. Although summary judgment is only granted where there is no issue of material fact, it was proper to grant summary judgment in the case sub judice. The record is very clear that although Morgan may not be a proficient reader, he can indeed read. During his deposition, Morgan testified as follows:
*1137 Q. Now, do you see your signature on this document on two places? On the first page of Exhibit 11?
A. It look like my signature, it look like it.
Q. Let’s look at the signature there on the left side of the page. Do you see your signature, Christopher John Morgan, DOB 1/8/69?
A. Oh, yeah. Right here. I see that right here, yes, sir.
Q. Do you see right up above that signature, Mr. Morgan, there are four sentences there, and they’ve got blocks?
A. Yeah, I see them.
Q. And they deal with whether somebody does or does not want certain types of insurance?
A. Yes, sir, I see them.
Q. Do you agree with me on that first sentence the word “do” is checked: “I do want credit life insurance”?
A. It’s checked.
Q. And right under there is your signature; isn’t that right?
A. Yes, sir.
Q. Okay. And then right up above that, where it’s checked, “I do want credit life insurance,” it’s got the amount of the premium, $91.45?
A. Right here?
Q. Yes, sir.
A. I see that, yeah.
Q. And that’s right up above your signature?
A. Yes, up here.
Q. Now, is that $91.45, is that what — is this an example of what you’re telling me that you didn’t know you were being charged?
A. Yes, sir.
Q. Is that what we’re talking about in this lawsuit?
A. Yes, sir.
Q. And that’s what you learned when you talked with your lawyer and went over these papers?
A. Yes, sir.
Q. In October of last year?
A. I guess that’s when it was. I ain’t for sure. I don’t remember, in other words.
Q. Well, why didn’t you notice it when you signed it?
A. I can’t read well, so I didn’t read them. I trusted her to do it right. I didn’t read it because I can’t read well.
Q. Well, can we go back to those four sentences right above your name that have little blocks in there?
A. Yeah.
Q. Can you read that first one to me?
A. “Do not want disability insurance.”
Q. What’s the one up above that, the first one?
A. “Do not want credit life insurance.”
Q. Okay. It says “I do,” doesn’t it? Isn’t “do” checked?
A. “Do” is checked, yeah.
Q. And what’s the second line say?
A. “Do not want credit disability insurance.”
Q. And what’s the third line say?
A. “Do not join credit” — “credit life insurance.”
Q. You were able to read those here today?
A. Yes, sir.
Q. But you just didn’t read them back then?
A. No, I didn’t, because I trusted her. I trusted her, you know. And I didn’t read it, because I just — I don’t know. I trusted her. All I done is sign it. I didn’t look over it or nothing. I trusted her and just signed it, all I done.
*1138 ¶ 15. As stated previously, “In Mississippi, a person is charged with knowing the contents of any document that he executes.” Andrus, 887 So.2d at 180 (quoting Russell, 826 So.2d at 725(¶ 28)). The record shows that Morgan signed the documents in question and that he is able to read the contents of the documents. As such, he is charged with knowing the contents of those documents.
¶ 16. As a result, Morgan argues that he is mentally incompetent and is unable to comprehend the meaning of the loan documents, and that he does not understand what credit life insurance is. This contention is again negated by Morgan’s own statements. During his deposition, Morgan testified about his understanding of credit life insurance as follows:
Q. Do you know what credit life insurance is?
A. An idea what it is. I guess when you die, you get it paid for, I guess.
Q. Pay the loan off?
A. Yes, sir. I guess that’s it. I mean, as far as I know.
¶ 17. As Morgan’s statements demonstrate, he had a full understanding of the function of credit life insurance. In light of this fact, and in light of the established case law in Mississippi, summary judgment was proper on this issue, as there is no genuine issue of material fact which would preclude a grant of summary judgment. Therefore, this issue is without merit.
II. WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST AS TO MORGAN’S CHARGE OF FRAUDULENT CONCEALMENT.
DISCUSSION
¶ 18. Morgan next contends that the trial court’s grant of summary judgment on the basis of the three year statute of limitations prescribed by Mississippi Code Annotated § 15-1^9 was improper, as the actions of Powell, Citizens Bank, and Gulf Guaranty fraudulently concealed the transactions in question. Therefore, Morgan argues, the statute of limitations should be tolled beyond the three year statutory period stated by § 15-1^19.
¶ 19. Although Mississippi Code Annotated § 15-1-49 prescribes a three year statutory period for the filing of claims of this nature, Mississippi Code Annotated § 15-1-67 (Rev.2003) states that the limitations period is tolled upon proof of fraudulent concealment of the cause of action. Mississippi’s case law holds that in order to establish a claim of fraudulent concealment, “there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.” Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988).
¶ 20. The record contains copies of the loan documents in question and these documents illustrate that the selection of credit life insurance was clearly visible on the face of the loan documents. The documents in question contain a provision which states, “Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless I sign and agree to pay the additional costs.” This is an unequivocal statement informing the borrower that this coverage is optional. The record also demonstrates that Morgan was given copies of all loan documents which he executed. Morgan’s possession of copies of the loan documents as well as the clear statements present on the face of the documents, completely negates any argument by Morgan that the statutory period should be extended beyond the three year period due to fraudu *1139 lent concealment. As such, this issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.