LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. On January 31, 2007, Louise Williams filed suit on behalf of her mother, Willie Mae Henderson, in the Circuit Court of Hinds County, alleging negligence and breach of contract against Manhattan Nursing and Rehabilitation Center (Manhattan). On March 30, 2007, Manhattan filed a motion to compel arbitration or, in the alternative, motion to dismiss. In this motion, Manhattan also moved to dismiss Williams’s complaint and certain parties. Manhattan also requested permission to conduct discovery related to arbitration.
 

 ¶ 2. Williams noticed a hearing on the motion to compel arbitration, but counsel for Manhattan was not available due to a previously scheduled matter. Manhattan filed a notice cancelling the hearing and stated that it would work with Williams to “reschedule to the earliest mutually agreeable date.” On August 22, 2007, without holding a hearing, the trial court entered an order finding that Manhattan had waived its right to compel arbitration.
 

 ¶ 3. Manhattan now appeals, asserting the following issues: (1) the trial court erred in denying its motion to compel arbitration, and (2) in the alternative, Williams is estopped from challenging the arbitration agreement because it is part of the contract under which she is suing for breach. Finding that the trial court erred in holding that Manhattan waived its right to compel arbitration, we reverse and remand this case for further proceedings consistent with this opinion.
 

 FACTS
 

 ¶ 4. Mary Still, Henderson’s daughter, signed a healthcare services contract to admit Henderson to Manhattan. Henderson had Alzheimer’s disease and was incapable of making decisions on her own. While in Manhattan’s care, Henderson suffered a broken arm, which went untreated, and decubitus ulcers, one of which resulted in the amputation of her leg.
 

 STANDARD OF REVIEW
 

 ¶ 5. The standard of review for a denial of a motion to compel arbitration is de novo.
 
 United Credit Corp. v. Hubbard,
 
 905 So.2d 1176, 1177(¶ 7) (Miss.2004).
 

 
 *91
 
 DISCUSSION
 

 I. MOTION TO COMPEL ARBITRATION
 

 ¶ 6. In its order denying Manhattan’s motion to compel arbitration, the trial court relied on the then-recently-decided case of
 
 Century 21 Maselle and Associates, Inc. v. Smith,
 
 965 So.2d 1031 (Miss.2007). In
 
 Century 21,
 
 Century 21 and Cindy Smith (collectively, Century 21) filed an answer to Tony and Linda Smith’s (the Smiths) complaint and requested a jury trial.
 
 Id.
 
 at 1034(¶ 4). As its first affirmative defense in its answer, Century 21 asserted that the complaint should be dismissed and that the arbitration clause in the contract between the parties should be enforced.
 
 Id.
 
 That same day, Century 21 propounded interrogatories and requests for production of documents, for which responses were never received.
 
 Id.
 
 The motion to compel arbitration was noticed for a hearing sixty-one days after the suit was filed and twenty days after the answer was filed.
 
 Id.
 
 The trial court found that the defendants had waived their right to compel arbitration by requesting a jury trial and propounding discovery.
 
 Id.
 
 at (¶ 5). On appeal, the supreme court reversed, finding that although Century 21’s acts in initiating discovery were “precipitously close to satisfying the waiver exception,” the waiver exception was not met because the Smiths “offered no evidentiary basis for the lower court to find detriment or prejudice either by incurred legal expense or procedural delay....”
 
 Id.
 
 at 1038(¶ 12).
 

 ¶ 7. The supreme court has held that the right to compel arbitration is waived “when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.”
 
 Univ. Nursing Assocs., PLLC v. Phillips,
 
 842 So.2d 1270, 1278(¶ 28) (Miss.2003) (quoting
 
 Subway Equip. Leasing Corp. v. Forte,
 
 169 F.3d 324, 326 (5th Cir.1999)). A “waiver of arbitration is not a favored finding, and there is a presumption against it.”
 
 MS Credit Ctr., Inc. v. Horton,
 
 926 So.2d 167, 179(¶ 39) (Miss.2006) (quoting
 
 Russell v. Performance Toyota, Inc.,
 
 826 So.2d 719, 724(¶ 16) (Miss.2002)). Waiver is defined as the “active participation or substantial invocation of the litigation process which results in detriment or prejudice to the other party, or engaging in conduct inconsistent with timely enforcing the arbitration agreement....”
 
 Century 21,
 
 965 So.2d at 1036(¶ 8). “However, parties claiming waiver must offer sufficient evidence at a hearing to overcome the presumption in favor of arbitration.”
 
 Id.
 
 at 1036-37(¶ 8). In
 
 Century 21,
 
 the supreme court reiterated that “[pjarties seeking to enforce arbitration are to file a ‘Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration’ immediately upon discovery that the controversy or suit is subject to an arbitration agreement.”
 
 Id.
 
 at 1038(¶ 10).
 

 118. The first document filed by Manhattan was the motion to compel arbitration or, in the alternative, motion to dismiss. Williams responded to Manhattan’s motion and attached the affidavits of Williams and Still. Approximately a month later, Williams set the motion for a hearing. After learning that the hearing had been set, Manhattan filed a notice cancelling the hearing and requested to take the depositions of Williams and Still concerning their affidavit testimony. No hearing was held on the arbitration issue. Before learning that the trial court had entered an order holding that Manhattan had waived its right to compel arbitration, Manhattan filed a motion for permission to take discovery that would be limited to the enforceability of the arbitration agreement. The trial court entered a second
 
 *92
 
 order, again finding that Manhattan had waived its right to compel arbitration.
 

 ¶ 9. Although Manhattan failed to file a motion to stay the proceedings pending arbitration, we cannot find that it waived its right to compel arbitration. Manhattan did not delay in pursuing its right to compel arbitration, and it did not actively participate in litigation by serving discovery, moving for summary judgment, or entering into a scheduling order. Manhattan sought to depose Williams and Still, but the purpose of the depositions was limited to matters related to the arbitration agreement. Regardless, the depositions were never scheduled or taken. In addition, Williams has failed to offer any evidence of detriment or prejudice caused by any delay Manhattan may have caused.
 
 See IJniv. Nursing Assocs.,
 
 842 So.2d at 1278(¶ 28) (quoting
 
 Subway Equip.,
 
 169 F.3d at 326) (“Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.”).
 

 ¶ 10. In its order denying the motion to compel arbitration, the trial court found as follows:
 

 [Although the defendants filed the herein Motion to Compel Arbitration, they have failed to promptly schedule and notice a hearing on the motion. The Court further finds that [the] plaintiff duly noticed the [defendants’ motion so this matter could move forward. The defendants indicated they were not available for the hearing. Therefore, the Court chose to rule on this matter without a hearing. After a review of this matter, the Court finds that the defendants’ conduct is inconsistent with timely enforcing the arbitration agreement.
 

 The trial court made no findings regarding whether Manhattan’s failure to schedule a hearing caused detriment or prejudice to Williams. On appeal, Williams argues that she suffered prejudice because she was forced to take “potentially binding positions on numerous matters not relating to arbitration, creating the potential for inconsistent rulings between a court of law and an arbitral forum.”
 

 ¶ 11. According to the United States Fifth Circuit Court of Appeals, “[prejudice ... refers to the inherent unfairness-in terms of delay, expense, or damage to a party’s legal position-that occurs when the party’s opponent forces it to litigate an issue and later seeks to arbitrate that same issue.”
 
 Id.
 
 at 1278(¶ 30) (quoting
 
 Subway Equip.,
 
 169 F.3d at 327). The burden was on Williams, the party claiming waiver, to “offer sufficient evidence at a hearing to overcome the presumption in favor of arbitration.”
 
 Century 21,
 
 965 So.2d at 1036-37(¶ 8). No evidence of any delay or expense was shown by Williams. Williams also does not show any damage to her legal position as the only action taken by Williams after Manhattan filed its notice to compel arbitration was her filing of the notice of hearing.
 

 ¶ 12. We find that Manhattan did not substantially participate in litigation of the case and did not cause an undue delay or prejudice to Williams. Therefore, the decision of the trial court finding that Manhattan waived its right to compel arbitration is reversed, and the case is remanded with directions for the court to hold a hearing on the motion to compel arbitration. We direct the trial court to hold the hearing in an expeditious manner as to prevent any further delay in these proceedings.
 

 II. ESTOPPEL
 

 ¶ 13. Manhattan argues that because Williams alleged breach of contract in her complaint, she should be equitably es-topped from challenging the arbitration
 
 *93
 
 clause as it is a part of the contract that she disputes. The trial court did not address the issue of estoppel; therefore, we find that this issue is not properly before this Court.
 
 Glover v. Jackson State Univ.,
 
 968 So.2d 1267, 1272(¶ 11) (Miss.2007). Regardless, in her brief to this Coui’t, Williams withdraws the breach of contract claim and states that she only intends to pursue the negligence claim against Manhattan. Therefore, we find no need to address this argument.
 

 ¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.